UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TODD GRANGE,

        Plaintiff,

v.

COLLATERAL RECOVERY LLC, JAMES T FAIRCHILD, KEVIN R HAEVISCHER, AKA KEVING HAEVISHER, COLLATERAL RECOVERY LLC REPOSSESSION AGENT TOW TRUCK DRIVER JOHN DOE 1, COLLATERAL RECOVERY LLC REPOSSESSION AGENT JOHN DOE 2, COLLATERAL RECOVERY LLC BOND COMPANY, COLLATERAL RECOVERY LLC AUTO INSURANCE COMPANY, ALL OTHER NAMED & UN-NAMED DEFENDANTS JOHN & JANE DOE 3-12 (Unknown until discovery),

        Defendants.

Case No. 3:21-cv-00237-YY

OPINION AND ORDER

On July 22, 2021, the court held a hearing regarding various motions pending in this case. The court rules as follows:

    1)    To the extent defendants' Motion to Set Aside Entry of Default and to Deny Motion for Default Judgment, ECF 40, seeks to set aside the Clerk's March 19, 2021 entry of default, ECF 17, the motion is granted and the Clerk's entry of default is vacated.

    Plaintiff filed his complaint on February 12, 2021, and filed returns of service for defendants Collateral Recovery LLC, James T. Fairchild, and Kevin Haevischer (hereafter

1 – OPINION AND ORDER

"defendants") on February 25, 2021. ECF 1, 12-14. On March 10, 2021, defendants' former attorney, George Mead, filed a notice of appearance for defendants. Plaintiff filed a Request for Clerk's Entry of Default on March 16, 2021, and the Clerk entered default as to defendants on March 19, 2021. ECF 16, 17. Plaintiff thereafter filed a Motion for Default Judgment. ECF 18.

Defendants have filed a Motion to Strike plaintiff's motion for default judgment, ECF 19, and a Motion to Set Aside Entry of Default and to Deny Motion for Default Judgment, ECF 40. Defendants contend that plaintiff filed his request for entry of default without conferring as required by LR 55-1, which provides:

> If the party against whom an order or judgment of default pursuant to Fed. R. Civ. P. 55 is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance to the party seeking an order or judgment of default, then LR 7-1 and LR 83-8 apply, and the parties must make a good faith effort to confer before a motion or request for default is filed.

LR 55-1 references LR 7-1, which requires the first paragraph of every motion to certify that the parties made a good faith effort through personal or telephone conferences to resolve the dispute and have been unable to do so.[1] LR 7-1(a). The court "may deny any motion that fails to meet [the] certification requirement." LR 7-1(a)(3); *see*, *e.g.*, *Inhale, Inc. v. Inhale, LLC*, 6:19-CV-01780-AA, 2020 WL 6121942, at *4 (D. Or. Oct. 16, 2020) (denying motion for failure to comply with LR 7-1(a)); *Baldwin v. Doe*, 3:16-CV-00109-PK, 2016 WL 10649220, at *1 (D. Or. Oct. 31, 2016) (denying *pro se* plaintiff's motion for failure to comply with LR 7-1). Additionally, "[d]istrict courts have broad discretion in interpreting and applying their local rules." *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983).

---

[1] "The mere sending of a written, electronic, or voice-mail communication, [ ] does not satisfy a requirement . . . [Instead] this requirement can be satisfied only through direct dialogue and discussion—either in a face to face meeting or in a telephone conversation." *Dairy v. Harry Shelton Livestock, LLC*, 18-CV-06357-RMI, 2020 WL 6269541, at *1 (N.D. Cal. Oct. 23, 2020); *see also Williamson v. Munsen Paving LLC*, CV 09-736-AC, 2010 WL 1063575, at *3 (D. Or. Mar. 2, 2010), *report and recommendation adopted*, 2010 WL 1224232 (D. Or. Mar. 19, 2010) ("[A]n exchange of emails, standing alone, does not satisfy Rule 7-1(a).").

2 – OPINION AND ORDER

The requirement to confer "is not a meaningless formality, nor is it optional; instead, the purpose of a meet and confer requirement is for the parties to engage in a meaningful dialogue about their respective positions on disputed issues to see whether they can resolve (or at least refine) the disputes without court intervention, saving time and money for the litigants as well as the court system." *Dairy v. Harry Shelton Livestock, LLC*, 18-CV-06357-RMI, 2020 WL 6269541, at *1 (N.D. Cal. Oct. 23, 2020); *see also Wong v. Astrue*, No. C 08-02432 SBA, 2008 WL 4167507, at *2 (N.D. Cal. 2008) ("The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources."); *California v. Iipay Nation of Santa Ysabel*, No. 14cv2724 AJB (NLS), 2015 WL 2449527, at *6 (S.D. Cal. May 22, 2015) ("A purpose of a meet and confer requirement is to resolve issues without the need for further action."); *Eusse v. Vitela*, Case No. 3:13-cv-00916-BEN-NLS, 2015 WL 9008634, at *3 (S.D. Cal. Dec. 14, 2015) ("This process, when successful, 'obviates the need for unnecessary motion practice, which, in turn, conserves both the Court's and the parties' resources.'") (internal citation omitted)).

Under Rule 55(c), the court, in its discretion, "may set aside an entry of default for good cause." *See Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (holding a court's decision under Rule 55(c) is reviewed for abuse of discretion). In determining whether a party has demonstrated "good cause," the court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "The court's discretion is especially broad where . . . it is entry of default that is

being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

Here, at the time plaintiff filed his request for entry of default, defendants' former attorney, Mr. Mead, had filed a notice of appearance,[2] which had been served on plaintiff. ECF 15. However, plaintiff failed to engage in a good faith conferral with Mr. Mead before filing his request for entry of default, as required by LR 55-1. Plaintiff attempted to contact Mr. Mead by telephone on March 22, 2021, six days after the request for entry of default was filed. But plaintiff "must confer *before the motion is filed* so that the parties can determine whether it is possible to come to an agreement that obviates the need for the motion; conferences that take place after the motion has been filed cannot serve this purpose." *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (emphasis in original).

Plaintiff argues that his request for entry of default was not a motion. Pl.'s Mot. Default J. 4, ECF 18. But conferral is required under Rule 55-1 "before a motion *or request* for default is filed." FED.R.CIV.P. 55-1 (emphasis added).

Plaintiff's failure to confer pursuant to LR 55-1 warrants setting aside the default. Conferral was not optional under LR 55-1, and "a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Additionally, the good cause factors have been met. There is no indication that defendants have "engaged in culpable conduct that led to the default" or have "no meritorious defense." *Mesle*, 615 F.3d at 1091. As for any prejudice to plaintiff, the only prejudice is his failure to obtain a default judgment, which he is

---

[2] "The mere appearance by a defending party, without more, will not prevent the entry of a default for failure to plead or otherwise defend. . . But if defendant appears and indicates a desire to contest the action, the court can exercise its discretion and refuse to enter a default." Entry of Default Under Rule 55(a), 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.)

4 – OPINION AND ORDER

not entitled to, given his failure to confer on the entry of default. Accordingly, the Clerk's Entry of Default (ECF 17) is vacated.[3]

2)     The order vacating the entry of default renders the following motions moot: plaintiff's Motion for Default Judgment (ECF 18), defendants' Motion to Strike plaintiff's motion for default judgment (ECF 19), and defendants' Motion to Deny Default Judgment (ECF 40).

3)     Defendants have filed a Motion for Attorney's Fees and Costs. ECF 19. At oral argument, defense counsel clarified that the motion was made pursuant to Rule 11. That rule provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[3] Plaintiff argues that defendants failed to include a conferral certificate in their motions as required by LR 7-1(a). Pl.'s Resp. 8, ECF 41. Indeed, defendants' motions contain no such certificate. It appears the parties had a telephone conversation about pending matters on either May 17 or May 18, 2021. See Defs' Resp. Pl.'s Mot. Strike, Ex. A, ECF 49; Pl.'s Resp. Defs.' Mot. Set Aside 6, ECF 41. While multiple conferrals on the same issue is not required, initial conferral is still necessary.

However, defendants' failure to include conferral certificates did not result in the same extreme consequences as plaintiff's failure to confer on his request for entry of default. Plaintiff had 14 days to respond to any motion filed by defendants, see LR 7-1(e), and the court would not have taken any action on the motions before then. By contrast, defendants were unaware that plaintiff had filed a request for entry of default and that the clerk had entered default until after the default was entered.

Nevertheless, the court reiterates the importance of including a conferral certificate as required by LR 7-1(a). Any future motion that fails to comply with LR 7-1(a) may be stricken. LR 7-1(a)(3).

5 – OPINION AND ORDER

>    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED.R.CIV.P. 11(b).

The court's authority to impose sanctions under Rule 11 is discretionary. *See* Fed R. Civ. P 11(c)(1) ("[T]he court *may* impose an appropriate sanction.") (emphasis added); *see also Gotro v. R & B Realty Grp.*, 69 F.3d 1485, 1488 (9th Cir. 1995) (noting that district courts have "wide discretion in determining whether Rule 11 sanctions are appropriate"). In imposing sanctions, the court should consider: "Whether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants." FED.R.CIV.P. 11, 1993 Advisory Notes.

The court cannot conclude that plaintiff engaged in willful conduct that warrants the imposition of sanctions. While plaintiff did not withdraw his motion for entry of default after defendants pointed out that he had failed to confer as required by LR 55-1, there is no pattern of similar activity or any indication that plaintiff has engaged in similar conduct in other litigation or intended to injure defendants. Also, plaintiff is not trained in the law. "Although Rule 11 applies to *pro se* plaintiffs, the court must take into account a plaintiff's *pro se* status when it determines whether the filing was reasonable." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (quoting *Harris v. Heinrich,* 919 F.2d 1515, 1516 (11th Cir. 1990)).

4)   Plaintiff has also filed a Motion to Strike Answer to Complaint (ECF 45) in which he contends that defendants' answer is untimely because it was not filed within 21 days after

6 – OPINION AND ORDER

service was made. Rule 12(a)(1)(A)(i) provides that "[a] defendant must serve an answer . . . within 21 days after being serviced with the summons and complaint." However, where a defendant has "failed to plead or otherwise defend," a plaintiff's course of action is to seek a default. FED.R.CIV.P. 55(a). Here, plaintiff sought entry of default but did so improperly, and the default has been set aside. In the meantime, defendants have filed their answer. Therefore, plaintiff's Motion to Strike Answer (ECF 45) is denied.

5) Plaintiff has filed a Motion for Sanctions for Spoilage of Evidence (ECF 48) related to videotape that defendants claim does not exist. Based on defendants' response, the motion is denied but with leave to renew if, after discovery is conducted, there are reasonable grounds to reassert the motion.

6) Plaintiff has withdrawn his Motion to Compel (ECF 43). *See* ECF 47.

7) Plaintiff's Motion to Extend Time for Service of Complaint on Doe Defendants (ECF 31) is granted in that he shall serve any newly identified defendants within 30 days of final ruling on his motion to file an amended complaint, which is due by July 30, 2021.

8) Additionally, within two weeks, the parties shall confer and provide the court with a proposed schedule for resolving the case, including a deadline to amend pleadings and join parties, discovery cut-off date, and dispositive motions due date.

IT IS SO ORDERED.

DATED  July 26, 2021.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge